**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | Case No. 26-30133-mel |
| ROBERT BAS LAW OFFICE, CORP., | ) | |
| | ) | Honorable Mary E. Lopinot |
| Debtor. | ) | |

**MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR'S USE**
**OF CASH COLLATERAL PURSUANT TO § 363 OF THE BANKRUPTCY CODE**

COMES NOW Robert Bas Law Office Corp., as Debtor and Debtor in Possession ("**Debtor**"), by and through its undersigned counsel, and moves the Court, pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the entry of interim and final orders authorizing Debtor to use Cash Collateral (as such term is defined in section 363(a) of the Bankruptcy Code). In support of this motion (the "**Motion**"), Debtor respectfully states and allege as follows:

**BACKGROUND AND JURISDICTION**

1. On February 20, 2026 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Illinois. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its businesses as debtor in possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in this chapter 11 case (the "**Chapter 11 Case**").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 Case and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**DEBTOR'S PREPETITION RELATIONSHIPS**

3. Debtor is indebted to BayFirst National Bank, in the approximate amount of $238,000.00. Debtor is also indebted to Rocket Capital NY, LLC in the approximate amount of $44,200.00, FC Marketplace, LLC in the approximate amount of $124,755.52, First Mid Bank & Trustin the approximate amount of $71,000.00, Five Star Bank in the approximate amount of $288,890.00, Fox Funding Group, LLC in the approximate amount of $102,000.00, Headway Capital, LLC in the approximate amount of $98,112.00, OnDeck Capital in the approximate amount of $95,000.00, and PBT Assets Inc. in the approximate amount of $142,745.00 (the creditors all together, the "**Prepetition Creditors**")(the amounts all together, the "**Prepetition Indebtedness**").

4. Upon information and belief, the Prepetition Indebtedness is secured by certain of Debtor's assets (the "**Cash Collateral**").

**DEBTOR'S NEED FOR USE OF CASH COLLATERAL**

5. Debtor requires the use of the Cash Collateral to continue its business operations and to pay their regular daily expenses, including employees' wages, utilities, and other costs of doing business.

6. A Proposed Budget, showing the amount of funds needed to maintain Debtor's operations until the entry of a final order (the "**Final Order**") permitting use of the Cash Collateral, is attached hereto as **Exhibit A** . Debtor will work in good faith with the Prepetition Creditors to achieve a fully consensual budget by the hearing on this Motion.

7. Debtor cannot carry on the operation of its business without the use of the Cash Collateral. In the absence of the use of the Cash Collateral, serious and irreparable harm to Debtor and its estate would occur. The preservation of Debtor's going concern value and the reduction of

claims against Debtor are of utmost significance to a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

8.      Debtor's abilities to continue in business, remain viable entities, and to have any prospect to propose a plan of reorganization under chapter 11 of the Bankruptcy Code depend upon obtaining such authority to immediately use the Cash Collateral.

9.      Pursuant to section 363(c)(2) of the Bankruptcy Code, Debtor may use the Cash Collateral only with the consent of the creditors secured by that collateral, which potentially includes the Prepetition Creditors or with the Court's approval.

10.     The Prepetition Creditors' interests in the Cash Collateral are adequately protected. To the extent the Prepetition Creditors have valid security interests in the Cash Collateral, adequate protection will be provided to them though the granting of replacement liens in any prepetition assets which were subject to their liens to the same extent, validity, priority, perfection, and enforceability as their interests in any assets to the extent of any diminution in value.

11.     Approval of an interim order (the "**Interim Order**") is in the best interest of Debtor's estate and Debtor believes that other creditors will not be prejudiced by the entry of the Interim Order.

12.     Debtor requests that it be immediately authorized, pursuant to section 363(c) of the Bankruptcy Code, to use the Cash Collateral according to the terms of the Interim Order.

## **REQUEST FOR INTERIM RELIEF**

13.     Use of the Cash Collateral represents Debtor's sole source of operating funds and working capital.  Without the right to use the Cash Collateral, Debtor would be forced to cease operations.  Debtor therefore seeks, after a preliminary hearing, immediate use of the Cash Collateral to avoid immediate and irreparable harm to Debtor and its estates.

## NOTICE

14.     No creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the United States Trustee; (b) Debtor's 20 largest unsecured creditors as identified in its Chapter 11 petition; and (c) any party with an interest in the Cash Collateral.  In light of the nature of the relief requested herein, Debtor submits that no other or further notice is required.

15.     Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rules 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

## NO PRIOR REQUEST

16.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor Robert Bas Law Office Corp. respectfully requests that this Court enter interim and final Orders approving this Motion and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:     */s/ Robert E. Eggmann*
          One of its Attorneys

Robert E. Eggmann, Illinois Bar #6203021
Nathan R. Wallace, Missouri Bar #74890
Carmody MacDonald P.C.
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
314-854-8600 (Telephone)
314-854-8660 (Fax)
ree@carmodymacdonald.com (Email)
nrw@carmodymacdonald.com (Email)

*PROPOSED ATTORNEYS FOR DEBTOR*